GORSUCH, Circuit Judge,
concurring.
I write separately to emphasize the narrowness of our holding. As the court explains, the government filed its opening brief in this appeal before Gall v. United States, — U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), was decided. In its brief, the government argued that, under our then-controlling precedent, the district court was obliged, but failed, to offer “compelling reasons” for its sentence given how far it varied from the advisory Guidelines range. Gall, however, repudiated the sort of exacting appellate scrutiny advocated in the government’s opening brief and once required by our case law. See United States v. Smart, 518 F.3d 800, 807 (10th Cir.2008) (holding that, after Gall, “sentencing review may not be based on a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence” (internal quotation omitted)). In his response brief, Mr. Huckins seized on this fact and argued that, under the more forgiving abuse of discretion standard of review announced in Gall, we should affirm the district court. After that, the government did, literally, nothing. It did not file a reply brief, it did not submit a Rule 28(j) letter, it did not seek supplemental briefing. The government even waived oral argument. As a result, the government has advanced before us no argument why this case should be reversed under Gall, and the government’s failure to. contest this appeal under governing legal authority leaves us with no choice but to affirm. See United States v. Int'l Bus. Machs. Corp., 517 U.S. 843, 855, 116 S.Ct. 1793, 135 L.Ed.2d 124 (1996) (“It would be inappropriate for us to [ ]examine ... without the benefit of the parties’ briefing,” matters that a party has chosen not to contest.); Sally Beauty Co., Inc. v. Beautyco, Inc., 304 F.3d 964, 976 n. 2 (10th Cir.2002) (concluding the court must reverse because the defendant did not contest plaintiffs argument or offer any other basis for the court to affirm). For this same reason, we have no occasion to pass on the question whether, under Gall, factors like those presented in this case would be suffi *1321 cient to sustain a variance of this magnitude in a contested appeal.